DICK GALLOWAY v. STATE.

No. 2248.   Decided February 5, 1913.

**Local Option—Law in Force.**

Where, upon trial of a violation of the local option law, there was no evidence that local option was in force, and the defendant requested a charge to find defendant not guilty on this ground, which was refused, the same was reversible error.

Appeal from the County Court of Newton.   Tried below before the Hon. G. C. Colson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Forse & Wigley,* for appellant.—On question of law in force: Akin v. State, 14 Texas Crim. App., 142; Tyrell v. State, 44 S. W. Rep., 159; Ellis v. State, 59 Texas Crim. Rep., 630, 130 S. W. Rep., 170.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of selling intoxicating liquors in Newton County in violation of the prohibition law.

We have read the record carefully and if there was any proof offered that local option is in force in Newton County they failed to indicate it in the record now before us.

The statement of facts contains no mention of whether or not local option was ever adopted in Newton County.   Counsel presented a special charge instructing the jury that as no proof had been offered showing that local option was in force in that county, to return a verdict of not guilty, and if there was no more evidence adduced on the trial than is shown by this record, this charge should have been given.

Because there is no evidence showing that local option is in force in Newton County, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*